UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                          CRIMINAL ACTION NO. 2:16-00059

DAMIEN ANGEL BAGUT

## SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
## MEMORANDUM OPINION AND ORDER

On August 1, 2018, the United States of America appeared by Gabriele Wohl, Assistant United States Attorney, and the defendant, Damien Angel Bagut, appeared in person and by his counsel, Glenn D. Conway, for a hearing on the petition seeking revocation of supervised release and amendment thereto submitted by United States Probation Officer Steven M. Phillips.  The defendant commenced a three-year term of supervised release in this action on May 4, 2017, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on November 9, 2016.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant committed the state and local offense of battery as evidenced by his plea of guilty in Mingo County Magistrate Court on March 29, 2018, for which he received a sentence of 11 days and ordered to pay court fees; and (2) the defendant committed the state and local offenses of driving under the influence and driving while revoked for DUI as evidenced by his plea of guilty in Mingo County Magistrate Court on June 6, 2018, for which he received a sentence of 30 days and ordered to pay fines and court costs; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of FIVE (5) MONTHS, to be followed by a term of thirty-one (31) months of supervised release upon the standard conditions of supervised release now in effect in this district as promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in Local Rule 32.3 and the special condition that he report to the Mingo Day Report Center immediately upon his release from imprisonment as directed by the probation officer for a period of not less than 30 and up to 60 days, where he shall participate in alcohol abuse treatment and counseling, and provide random urine screens as directed by the center, following which the defendant shall reside at the sober living house at Serenity Point for a period as long as one year, or an alternative program as suggested by the Mingo Day Report Center

and as approved by the court.  The defendant shall completely abstain from the use of alcohol.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  August 2, 2018

John T. Copenhaver, Jr.
United States District Judge