UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


UNITED STATES OF AMERICA

v.                         CRIMINAL ACTION NO. 2:16-00059

DAMIEN ANGEL BAGUT


SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
MEMORANDUM OPINION AND ORDER


On June 25, 2020, the United States of America appeared by Jeremy Wolfe, Assistant United States Attorney, and the defendant, Damien Angel Bagut, appeared in person and by his counsel, Glen D. Conway, for a hearing on the petition seeking revocation of supervised release and amendment thereto submitted by United States Probation Officer Steven M. Phillips. The defendant commenced a thirty-one (31) month term of supervised release in this action on November 7, 2018, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on August 2, 2018.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant used and possessed controlled substances inasmuch as on February 26, June 25, July 30, August 2, and August 5, 2019, he submitted urine specimens that tested positive for cocaine and on September 2, 2019, admitted to the probation officer that he snorted cocaine at least three times during the months of July and August 2019, and on March 9, 2020, he submitted a urine specimen that tested positive for marijuana and admitted his use to the probation officer that he smoked marijuana within the previous week; (2) the defendant made himself unavailable for supervision in that he had not contacted the probation officer since September 6, 2019, until March 9, 2020, after his date of arrest, and was not found to be at his address on record when the probation officer attempted home contact with the defendant on October 21, October 30, and December 23, 2019; and (3) the defendant failed to attend weekly outpatient substance abuse treatment as instructed by the

probation officer on November 18, 2018, in that he has failed to appear for mandatory outpatient substance abuse treatment since September 17, 2019, and failed to attend weekly drug testing as instructed by the probation officer on June 3, 2019, in that he has failed to appear for mandatory drug testing since October 1, 2019; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, sentenced to TIME SERVED, to be

followed by a term of twenty-four (24) months of supervised release upon the same terms and standard conditions as heretofore, and the special condition that he immediately participate in and successfully complete the residential sobriety and recovery program at Lifehouse for a minimum period of eight months to as long as fourteen months, or a like program approved by the probation officer, where he shall follow the rules and regulations of the facility and participate in drug abuse counseling and treatment as directed by the probation officer.

It is further ORDERED that the defendant shall this date travel directly, without interruption, from his place of imprisonment to the residential treatment facility, with transportation expected to be provided by his girlfriend, Amanda Mitchem.

The defendant was remanded to the custody of the United States Marshal.  It is further ORDERED that the defendant is to be released from custody forthwith this date.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  June 26, 2020

John T. Copenhaver, Jr.
Senior United States District Judge